UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIE DICKERSON, JR.,

    Plaintiff,

v.                                                 Case No. 3:18cv1394-LC-CJK

JULIE L. JONES,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a third amended civil rights complaint under 42 U.S.C. § 1983 (doc. 15), with supporting memorandum (doc. 16). The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). The undersigned concludes that the complaint should be dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

## BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections confined at Santa Rosa Correctional Institution. Plaintiff is suing FDC Secretary Jones and four prison officials at Santa Rosa CI, claiming that they and several other officers violated his procedural due process rights when they failed to comply with FDC

rules governing review of inmates on close management.[1]  As relief, plaintiff seeks monetary damages as well as declaratory and injunctive relief.  (Doc. 15).

## DISCUSSION

Because plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings).

Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard.  *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The mere possibility that the defendant acted unlawfully is insufficient.

---

[1] Close management is "the confinement of an inmate apart from the general population, for reasons of security or the order and effective management of the institution, where the inmate, through his or her behavior, has demonstrated an inability to live in the general population without abusing the rights and privileges of others."  Fla. Admin. Code r. 33-601.800(1)(d).

*Id.* (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), that is, "across the line from conceivable to plausible." *Id.* at 570.

In reviewing the complaint's factual allegations, the court accepts as true only those that are well-pleaded. Mere "labels and conclusions" are not accepted as true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Iqbal*, 556 U.S. at 679)). A pleading

that offers "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (*citing Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-331 (1986)). "[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (*citing Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).

Plaintiff's allegations fail to state a facially plausible procedural due process claim, because plaintiff does not allege the deprivation of a liberty interest protected by the Due Process Clause. Inmates have no protected liberty interest in a particular custody classification. *See Meachum v. Fano*, 427 U.S. 215, 223-25 (1976) (concluding no liberty interest in discretionary transfer to a maximum security state prison); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (concluding no due process

protections required for prisoner classification and eligibility for rehabilitative programs in federal prison).

Additionally, plaintiff's factual allegations do not show that his conditions of confinement impose an "atypical, significant deprivation", *i.e.,* that he is confined in harsher conditions than inmates in close management status generally, sufficient to give rise to a constitutionally protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472, 485-87 (1995).  Plaintiff complains that certain review procedures are not followed, that reviews are a sham because he is not interviewed or consulted, and that he should have been released to the general population by now, but he concedes that after being on CMI status for six months he was reclassified to the less restrictive status of CMII on March 21, 2018.  (Doc. 15; Doc. 16, pp. 1-2).[2]  *Cf. Magluta v. Samples*, 375 F.3d 1269, 1275-76, 1282 (11th Cir. 2004) (concluding that pretrial detainee's detailed allegations, if true, established a liberty interest where pretrial detainee, unlike other pretrial detainees or even convicted prisoners, was placed in administrative detention in conditions that constituted solitary confinement, including being locked in a closet-sized cell with minimal contact with human beings

---

[2] There are "three individual levels (CMI, CMII, and CMIII) associated with close management, with CMI being the most restrictive single cell housing level and CMIII being the least restrictive housing of the three CM levels."  Fla. Admin. Code r. 33-601.800(1)(e).  "Close Management I is the most restrictive single cell housing level of all the close management status designations".  Fla. Admin. Code r. 33-601.800(2)(a)1.  "CMII is restrictive cell housing, which may or may not be restricted to single cell housing."  Fla. Admin. Code r. 33-601.800(2)(b)1.

*Case No. 3:18cv1394-LC-CJK*

for over 500 days).  Further, although plaintiff argues that the mandatory language of Rule 33-601.800(16) of Florida's prison regulations creates liberty interests, the Supreme Court in *Sandin* made clear that mandatory language in state statutes and prison regulations is insufficient to create a protected liberty interest.  *See Sandin*, 515 U.S. at 483-84.

Accordingly, it is respectfully RECOMMENDED:

1.   That this action be DISMISSED under 28 U.S.C. § 1915A and 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

2.   That the clerk be directed to close the file.

At Pensacola, Florida this 6th day of December, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.